UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJAN CAMAJ,

       Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al*.,

       Defendants.
                                    /

Case No. 11-12503

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING DEFENDANTS' OCTOBER 6, 2011 MOTION TO DISMISS

This matter came before the court on Defendants' October 6, 2011 Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Plaintiff Marjan Camaj filed a response November 18, 2011; and Defendants filed a reply brief December 23, 2011. Oral argument was heard January 26, 2012.

Plaintiff Marjan Camaj, from Montenegro, filed this action seeking an order to the United States Citizenship and Immigration Services ("USCIS") to adjudicate his Application for Adjustment of Status. The action is brought under the Administrative Procedure Act ("APA"), alleging that USCIS has withheld action on his application for over two years. Defendants argue that this is not a "typical mandamus complaint," as it is alleged that plaintiff Camaj "gave material support" to a terrorist organization, the Kosovo Liberation Army ("KLA") in 1998 and 1999. Defendants contend that because of his involvement with the KLA, he is inadmissible and is thus ineligible to adjust his status under 8 U.S.C. § 1182(a)(3)(B)(iv).

Rather than denying his application, however, USCIS has withheld adjudication of his case pending the potential availability of discretionary relief. Therefore, it is USCIS' decision to withhold adjudication rather than a denial of his application that is at issue.

In Seydi v. USCIS, 779 F. Supp. 2d 714 (E.D. Mich. 2011), this court held that it lacks jurisdiction to review decisions by USCIS to hold applications for adjustment of status in abeyance pursuant to the agency's March 26, 2008 policy memorandum.

> . . . Congress has acted a number of times over the years to narrow the scope of judicial review of immigration-related decisions. As pertinent here, section 242 of the Immigration and Nationality Act ('INA') now includes a provision divesting the federal courts of jurisdiction to review any 'decision or action' of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or Secretary of Homeland Security.' 8 U.S.C.§ 1252(a)(2)(B)(ii). Under this provision, then, the Court cannot exercise jurisdiction over the present action if the handling of Plaintiff's application is properly viewed as a 'decision or action' by the Secretary of Homeland Security on a matter committed to her discretion under the subchapter of the INA of which § 1252 is a part.

Id. at 717.

The court concluded, "In the end, while the Court certainly urges Defendants to adjudicate Plaintiff's application with all possible dispatch, it is unable to traverse the narrow and winding path conjured by Plaintiff for avoiding the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii)." Id. at 720.

Here, too, the statute is a jurisdictional bar for plaintiff Camaj's claims. Therefore, it is hereby **ORDERED** that Defendants' October 6, 2011 motion to dismiss is **GRANTED.**


                                                       s/John Corbett O'Meara
                                                       United States District Judge

Date: February 1, 2012

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 1, 2012, using the ECF system.

                                                              s/William Barkholz  
                                                              Case Manager